## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **LAUREN A. HECKENLIVELY,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiff,** | |
| **v.** | **Case No. 2:14-cv-00145-PMW** |
| **CAROLYN W. COLVIN, Acting Commissioner of Social Security,** | **Magistrate Judge Paul M. Warner** |
| **Defendant.** | |

Plaintiff, pursuant to 42 U.S.C. § 405(g), seeks judicial review of the decision of the Acting Commissioner of Social Security (Commissioner) denying his claim for disability insurance benefits (DIB) under Title II of the Social Security Act (the Act). After careful review of the entire record, the parties' briefs, and arguments presented at a hearing held on September 8, 2016, the undersigned concludes that the Commissioner's decision is supported by substantial evidence and free of harmful legal error and is, therefore, **AFFIRMED**.

This Court reviews the Commissioner's decision to determine whether substantial evidence in the record as a whole supports the factual findings and whether the correct legal standards were applied. *See Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted). The Court may neither "reweigh the evidence [n]or substitute [its] judgment for the [ALJ's]." *Id.* (citation omitted). Where the evidence as a whole

1

can support either the agency's decision or an award of benefits, the agency's decision must be affirmed.  *See Ellison v. Sullivan*, 929 F.2d 534, 536 (10th Cir. 1990).

## BACKGROUND

In this case, Plaintiff was 47 years old in November 2008, when he claimed disability based on low back, chest, and shoulder injuries (Tr. 313).  He completed the 10th grade and had past relevant work as a roofer (Tr. 314).  The ALJ followed the five-step sequential evaluation process for evaluating disability claims (Tr. 10-23).  *See generally* 20 C.F.R. § 404.1520(a)(4). The ALJ found that Plaintiff had severe impairments (obesity and degenerative disc disease of the lumbar spine), but that he retained the residual functional capacity (RFC) to perform a range of sedentary to light unskilled work consistent with the ALJ's hypothetical to the vocational expert (Tr. 13-21).  The ALJ then determined that Plaintiff was unable to perform his past relevant work, but was capable of performing other work existing in significant numbers in the national economy and, therefore, was not disabled under the strict standards of the Act (Tr. 21-23).  After careful review of the record and the ALJ's decision, the Court concludes that the ALJ's factual findings are supported by substantial evidence and that the correct legal standards were applied.

## DISCUSSION

### A. Plaintiff Did Not Meet His Burden to Show that His Impairments Met or Equaled a Listing.

Plaintiff asserts that the ALJ erred in finding that his impairments did not meet Listing 1.04A (disorders of the spine) (Pl. Br. 10-11).  However, Plaintiff had the burden at step three to provide medical evidence demonstrating that his impairments met or medically equaled a listing.  *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Fischer-Ross v. Barnhart*,

431 F.3d 729, 733 (10th Cir. 2005). Meeting or equaling the requirements of a Listing at step three of the sequential evaluation process is "a very high standard." *McCoy v. Astrue*, 648 F.3d 605, 612 (8th Cir. 2011). "For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria. An impairment that manifests only some of those criteria, no matter how severe, does not qualify." *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990) (emphasis in original). "To show that an impairment or combination of impairments meets the requirements for a listing, a claimant must provide specific medical findings that support each of the various requisite criteria for the impairment." *Lax*, 489 F.3d at 1085 (citing 20 C.F.R. §§ 404.1525, 416.925). In the present case, as discussed below, Plaintiff failed to meet his burden to show he met or medically equaled Listing 1.04A.

In order to meet Listing 1.04, a claimant must have a disorder of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, or vertebral fracture) resulting in compromise of a nerve root or the spinal cord. *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04. In addition, Listing 1.04A requires the following:

> [e]vidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine)

*Id*. Here, Plaintiff did not meet his burden of showing that all of the requirements of Listing 1.04A were met. For instance, although a 1999 CT scan showed some potential evidence of degenerative disc disease (Tr. 404), as the ALJ noted, there were no additional imaging scans during the relevant period (Tr. 16). In addition, Plaintiff was generally found to have a normal gait, normal strength in all of his extremities, normal reflexes, normal sensation, and no signs of muscle atrophy (*see, e.g.*, Tr. 616, 784, 790, 919, 948-49, 952-53, 959, 962, 966). Thus, Plaintiff

did not satisfy the listing requirement for muscle atrophy with associated weakness accompanied by sensory or reflex loss.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.

Further, to the extent that Plaintiff asserts that he medically equaled Listing 1.04A merely because he had degenerative disc disease, a claimant may not circumvent the requirements of a listing by "equaling" rather than "meeting" the listing.  *See Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).  Moreover, a claimant cannot establish medical equivalence merely by showing that the overall functional impact of his unlisted impairment, or combination of impairments, was as severe as that of a listed impairment.  *Zebley*, 493 U.S. at 531.  Instead, the claimant must present medical findings "equal in severity to all the criteria for the most similar listed impairment."  *Id.* (emphasis in original).  Plaintiff's argument ignores the other requirements of Listing 1.04A, as set forth above.  *See* 20 C.F.R. pt. 404, subpt. P, app. 1, § 1.04A.  Hence, Plaintiff has not shown that he medically equaled the listing.  Because Plaintiff did not meet or medically equal Listing 1.04A, the Court finds that the ALJ's step three finding should be affirmed.

**B. The ALJ Did Not Err Regarding the Respective Weights Given to the Medical Professionals' Opinions or in Evaluating Plaintiff's RFC.**

Plaintiff also challenges the ALJ's evaluation of his RFC, including the weight given to the medical source opinions (Pl. Br. 5-10).  However, after considering all of the record evidence, including the opinions, the Court finds that the ALJ reasonably concluded that Plaintiff's symptom testimony was not entirely believable and that he retained the RFC to perform a range of sedentary to light unskilled work (Tr. 13-21).

Plaintiff generally asserts that the ALJ erred in giving more weight to the opinions of examining physician Dr. Nelson and reviewing physicians Drs. Peterson and Burkett over the

opinions of treating physicians Drs. Chung, Young, and Robbins, and physical therapist

Mr. Anderson (Pl. Br. 5-10).  Nonetheless, because the ALJ explicitly considered each medical

source opinion and provided specific and well-supported reasons for the weight assigned,

Plaintiff's arguments are without merit.  In essence, he requests only that the Court weigh the

evidence differently, which it may not do.  *See Lax*, 489 F.3d at 1084 (on substantial evidence

review, the Court does not re-weigh the evidence or substitute its judgment for that of the

Commissioner).

In this case, examining physician Dr. Nelson found that Plaintiff retained normal (5/5)

muscle strength in his arms, nearly normal (4+/5) strength in his legs, and normal spinal range of

motion (Tr. 790).  He also determined that Plaintiff displayed three positive Waddell signs

(Tr. 791).  Dr. Nelson opined that Plaintiff's lower back pain would limit his ability to walk

extended distances, climb stairs and ladders, perform laborious tasks, and do frequent bending or

sitting (Tr. 791).  However, he opined that Plaintiff's ability to "perform tasks associated with

retail, clerical, or administrative types of work" would not be limited (Tr. 791-92).  He noted that

Plaintiff gave "poor effort" during his shoulder examination and that there was "no evidence of

debilitating shoulder pathology . . . that would limit [Plaintiff's] ability to work related to this

condition" (Tr. 792).

In addition, state agency physicians Drs. Peterson and Burkett reviewed the record and

opined that, despite his impairments, Plaintiff retained physical abilities consistent with light

work (Tr. 795-802, 805).  Because these opinions were consistent with the record as  whole,

which demonstrated that Plaintiff retained full strength in his extremities, normal sensation and

reflexes, and a normal gait, and that his back pain was well-controlled with medication (Tr. 616,

784, 790, 919, 948-49, 952-53, 959, 962, 966), the Court concludes that the ALJ reasonably afforded them great weight. *See* 20 C.F.R. § 404.1527(e)(2)(i) (State agency medical consultants "are highly qualified physicians, psychologists, and other medical specialists who are also experts in Social Security disability evaluation"); *Flaherty v. Astrue*, 515 F.3d 1067, 1071 (10th Cir. 2008) (a non-examining physician is an acceptable medical source, whose opinion the ALJ is entitled to consider).

Next, Plaintiff challenges the ALJ's evaluation of treating physician Dr. Young's opinion, asserting that the ALJ did not "adequately address" this opinion (Pl. Br. 8). However, the Court finds that the ALJ provided specific and legitimate reasons for concluding that this opinion was only entitled to little weight (Tr. 19-20). *See Watkins v. Barnhart*, 350 F.3d 1297, 1301 (10th Cir. 2003) (if an ALJ rejects a treating source's opinion entirely, the ALJ must give specific, legitimate reasons for doing so).

In January 2011, Plaintiff saw Dr. Young because he "need[ed] a social security spine form filled out" (Tr. 783). Dr. Young completed the form for Plaintiff, but noted that it was the first time he had seen Plaintiff (Tr. 711). He stated that Plaintiff had degenerative disc disease, which caused limitation in his lumbar range of motion, but he found no evidence of weakness or muscle atrophy (Tr. 762-65). However, Dr. Young opined that Plaintiff would need to change positions every 30 minutes and could lift less than 10 pounds (Tr. 766-71). The ALJ thoroughly evaluated this opinion, but concluded that it was entitled to little weight because (1) it was predicated on Plaintiff's subjective complaints; (2) Dr. Young had not treated Plaintiff over a long period of time such that he would be familiar with Plaintiff's limitations; (3) Dr. Young failed to give any objective basis for his opinions; and (4) Dr. Young's treatment note from that

6

same day reflected that Plaintiff's physical examination was generally normal, with only some spinal tenderness and mild limitations in lumbar range of motion (Tr. 19-20; *see* Tr. 764, 784). These were specific and legitimate reasons for the ALJ to give less weight to Dr. Young's unsupported and unexplained opinion. *See* 20 C.F.R. § 404.1527(c)(3) ("The more a medical source presents relevant evidence to support an opinion, particularly medical signs and laboratory findings, the more weight we will give that opinion."); *Raymond v. Astrue*, 621 F.3d 1269, 1272 (10th Cir. 2009) (ALJ reasonably declined to give controlling weight to a treating physician opinion which was brief, conclusory, and unsupported by objective medical findings); *Rivera v. Colvin*, 629 F. App'x 842, 845 (10th Cir. 2015) (unpublished) (affirming the ALJ's decision to discount an opinion that was based in part on a claimant's subjective complaints, which the ALJ found were not credible: "In weighing [doctors'] opinions, it was entirely appropriate for the ALJ to consider where [they] got their information.").

Next, Plaintiff asserts that the ALJ erred in weighing the opinions of treating physicians Drs. Chung and Robbins and physical therapist Mr. Anderson (Pl. Br. 7). However, the Court also concludes that the ALJ reasonably weighed these opinions.

Dr. Chung completed a "Disorders of the Spine" form provided by Plaintiff's attorney in December 2010 (Tr. 753-59). In the form, Dr. Chung either checked "unknown" in response to many of the questions or left them blank (Tr. 754-59). Dr. Chung did not complete the "Residual functional capacities and limitations" section; thus, he did not assess Plaintiff with any functional limitations (Tr. 758-59). The ALJ specifically considered this opinion, but reasonably concluded that the opinion was so vague that it was of "little use in determining [Plaintiff's] functioning" (Tr. 19). The ALJ further noted that Dr. Chung treated Plaintiff for his sternum

7

complaints, not his lower back pain, which meant that Dr. Chung had little familiarity with Plaintiff's back limitations (Tr. 19).  Indeed, the fact that Dr. Chung declined to provide any real opinion or limitations related to Plaintiff's lower back evidenced his lack of familiarity with this issue.  The Court finds that these were valid reasons for the ALJ to give little weight to this opinion.  *See Chapo v. Astrue*, 682 F.3d 1285, 1289 (10th Cir. 2012) (ALJ reasonably gave no weight to conclusory opinion on Med-9 Form, which lacked any functional findings).  Moreover, while Plaintiff apparently takes issue with the ALJ's evaluation of this opinion, it is not clear how the ALJ could have evaluated this opinion differently, as Dr. Chung did not include any limitations that would affect Plaintiff's ability to work.[1]  *See Cowan v. Astrue*, 552 F.3d 1182, 1189 (10th Cir. 2008) (doctor's statement providing no information about the nature and severity of the claimant's physical limitations or the activities he could still perform was not a medical opinion).

Next, treating physician Dr. Robbins completed an impairment questionnaire in August 2013, opining that Plaintiff could sit for two hours and stand for three hours in an eight-hour workday; lift 10 pounds frequently; carry five pounds occasionally; and would be absent from work more than three times per month (Tr. 935-42).  Once again, the ALJ explicitly considered this opinion, but concluded that it was entitled to little weight because: (1) Dr. Robbins's treatment records did not contain any documentation of any imaging scans or objective testing; (2) he repeatedly found that Plaintiff had full strength in his upper and lower extremities, normal sensation and reflexes, and a normal gait; and (3) he commonly noted that

---

[1] Dr. Chung appeared to believe that Plaintiff was capable of returning to work and was exaggerating his physical complaints (Tr. 653, 722).

Plaintiff's pain was well-controlled with his current medication regimen and he remained able to "function adequately with [his] current level of pain" (Tr. 20; *see* Tr. 948-62).   Based on the above, the ALJ reasonably determined that Dr. Robbins's treatment notes did not correlate with the extreme functional limitations that he assigned in his opinion.   The Court finds that this was a specific and legitimate reason to give less weight to Dr. Robbins's unsupported opinion.  *See* 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider consistency); *Vigil v. Colvin*, 805 F.3d 1199, 1202 (10th Cir. 2015) ("The ALJ's finding that [the doctor's] restrictions on standing and walking were inconsistent with his own examination findings is a good reason for giving that medical opinion only moderate weight.").

Finally, physical therapist Mr. Anderson conducted a functional capacity evaluation of Plaintiff in April 2012, opining that Plaintiff could carry 15 pounds; push 100 pounds; pull 40 pounds; and occasionally stand, walk, reach, squat, balance, and crawl (Tr. 925).   He concluded that Plaintiff was able to "work/function at the sedentary demand level for 0-3 hours during an 8-hour day, with the remainder of his day spent below this physical demand level" (Tr. 925).  The ALJ also considered this opinion, but provided it little weight, finding that (1) as a physical therapist, Mr. Anderson was not an acceptable medical source under the regulations; (2) he saw Plaintiff only once for a capacity evaluation and appeared to rely heavily on his subjective history; (3) the limitations he provided were grossly out of proportion to the other medical opinions and evidence in the record, including the opinions of Dr. Chung and Dr. Young; and (4) it was not logical for Mr. Anderson to conclude that Plaintiff would be off-task 50% of the workday, because this was based on his observation that Plaintiff required rest during strenuous physical activity, including treadmill tests and lifting weights (Tr. 19).  Thus, it is clear

that the ALJ provided several valid and well-supported reasons for finding that Mr. Anderson's opinion was only entitled to little weight.  *See* 20 C.F.R. § 404.1527(c)(4) (an ALJ must consider whether an opinion is consistent with the record as a whole); *Raymond*, 621 F.3d at 1272 (ALJ reasonably discounted treating physician opinion which was inconsistent with other medical evidence).

Plaintiff generally asserts that the ALJ failed to properly evaluate his RFC (Pl. Br. 8-9). However, Plaintiff's claim merely rehashes his disagreement about the weight given by the ALJ to the medical source opinions, already discussed at length above.  In short, it was the sole province of the ALJ to assess Plaintiff's RFC based on the record as a whole.  The ALJ in this case provided a narrowly tailored, restrictive, and detailed RFC assessment that accounted for all of Plaintiff's credible limitations and that was supported by substantial evidence in the record. That is all that was required.  *See* 20 C.F.R. § 404.1546(c) (an ALJ is responsible for assessing RFC); *Young v. Barnhart*, 146 F. App'x 952, 955 (10th Cir. 2005) (unpublished) ("The determination of RFC is an administrative assessment, based upon all the evidence of how the claimant's impairments and related symptoms affect her ability to perform work-related activities. . . .  The final responsibility for determining RFC rests with the Commissioner, based upon all the evidence in the record, not only the relevant medical evidence.").

## CONCLUSION

For the foregoing reasons and based on the standard of review of substantial evidence and/or correct legal standard, the Court concludes that:

1.      The ALJ did not err regarding the respective weights given to the medical professionals' opinions or in evaluating Plaintiff's RFC.  The ALJ discussed each medical

professional in separately-headed sections in the decision.  The ALJ's decision adequately discussed valid bases for ascribing less weight to the treating physicians.  Specifically, the ALJ noted that some or all of the treating physicians: had relatively limited contact with Plaintiff; were consulted for the purpose of filling out a claim; were consulted for one issue, but not another; and/or relied on limited objective medical evidence.

Mr. Anderson's opinion is not entitled to a presumption of great weight, because he is a physical therapist and not an "acceptable medical source."  An "acceptable medical source" is a term of art.  *See* 20 C.F.R. §§ 404.1502, 416.902, 404.1513(a), 416.913(a).  A non-physician like Mr. Anderson is not an acceptable medical source.  Regardless, the ALJ discussed additional reasons for giving little weight to Mr. Anderson's opinion.

The ALJ articulated sufficient reasoning for determining the weight to give to the various medical opinions and in assessing the RFC, and the ALJ's determination was supported by substantial evidence.

2.      The ALJ did not err in determining that Plaintiff did not meet or equal a listing. When viewed in its entirety, the record contains substantial evidence to support the ALJ's findings.  By law, this Court is not authorized to re-weigh the evidence.  Even assuming *arguendo* that the Court might have arrived at a different conclusion on the same evidence, this Court's function is limited to determining whether the ALJ had substantial evidence to support *his* findings and decision.

Accordingly, the Court finds that the ALJ's decision is supported by substantial evidence in the record and that the correct legal standards were applied.  Plaintiff's arguments fail as a matter of law, and **IT IS HEREBY ORDERED** that the Commissioner's decision in this case is

**AFFIRMED**.  Judgment shall be entered in accordance with Fed. R. Civ. P. 58 and *Shalala v. Schaefer*, 509 U.S. 292, 296-304 (1993).  The Clerk of Court is directed to close the case.

      DATED this 29th day of September, 2016.

PAUL M. WARNER
United States Magistrate Judge